LETZ & KATZ, INCORPORATED, APPELLANT, v. UNIVERSAL COOLER CORPORATION ET AL., RESPONDENTS.

Decided January 20, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Harry Nadell*.

For the respondents, *John L. Griggs*.

PER CURIAM.

The plaintiff below, the present appellant, brought this suit against the Universal Cooler Corporation to recover moneys which it claimed the latter refused to turn over to it, without any legal justification for such refusal.

The averments of the complaint are as follows: On the 2d of September, 1927, the plaintiff entered into a written contract with the defendants, by the terms of which it agreed to pay to the latter as the purchase price of certain refrigerator units, which were to be installed in an apartment house owned by it, the sum of $1,135.44 in cash and to execute promissory notes to the defendants aggregating $3,112.51. The refrigerator units were installed by the defendants in the plaintiff's apartment house, the cash payment was made and the notes were delivered. The contract also provided that the sellers guaranteed to the buyer the installation and the proper performance of the said refrigerator units for a period of one year from the date of the installation thereof to the

satisfaction of the plaintiff. It further provided that, in the event of the buyer becoming dissatisfied with the performance of any or all of the said units, it should have a right to return the same to the sellers, and that the purchase price of the returned units should be credited against the notes given as part payment of the consideration money; and that, in the event of the total amount of returned units equaling the amount due upon said notes, then the notes should be returned to the plaintiff. The plaintiff, in addition to the recitals above set out, further averred in its complaint that it was distinctly understood between the parties (although not so provided in the contract) that the dissatisfaction of the buyer with the installation or performance of the said units within one year from the date of their installation would, upon notice to the sellers, divest the latter of all right to the purchase price, and that the entire purchase price should thereupon be returned to the plaintiff, in compliance with its demand. It was further averred in the complaint that some four months after the installation of the refrigerator units the plaintiff notified the defendants that it was dissatisfied with the installation and performance of all of the units and demanded the removal thereof by the latter and the return by them to the plaintiff of the entire purchase price.

The defendants, subsequent to the making of such demand, surrendered up the notes which they had received from the plaintiff, but refused to return the cash payment or any part thereof; and the present suit is brought to recover the cash payment of $1,135.44.

Service of a copy of the complaint having been made upon the defendants, the latter, upon notice, moved to strike it out upon the ground that it disclosed no cause of action and demanded relief not sustained by the statements contained therein. This motion came on to be heard in due course, and at the close of the hearing it was granted, and a rule was signed striking out the complaint. The present appeal is from the judgment entered upon this rule.

In our opinion, the action of the trial court was proper. So far as the written contract provides, the obligation of the

defendants to return the purchase money in the event that the vendee should be dissatisfied and return all of the refrigerator units is limited to the surrender of the notes given as a part of such purchase money. The averment in the complaint that "it was distinctly understood" that the dissatisfaction of the buyer with the installation or the performance of the units would, upon notice to the sellers, divest the latter of all right to the purchase price, does not suggest that this was a part of the agreement and was omitted from the written document by inadvertence or mistake. A mere understanding between parties, not intended to be incorporated as a part of the written agreement, amounts to nothing so far as their respective rights and liabilities are concerned. The statement that because of this understanding it was incumbent upon the defendants to return the entire purchase price is a mere assertion, which rests upon no legal basis.

For the reason indicated we conclude that the judgment under review should be affirmed.